JCM/MCH: USAO 2017R00812



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 SEP 20 AM 11: 30

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. RDB-18-0189 |
| v. | * | (Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, 21 U.S.C. § 846; Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 21 U.S.C. § 853, 28 U.S.C. § 2461) |
| ANTOINE JAMEL HENDERSON KAMALAH NICOLE CORDELL | * | |
| Defendants | * | |

\*\*\*\*\*\*\*

## INFORMATION

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Dangerous Substances)

The United States Attorney for the District of Maryland charges that:

From in or around 2017 through in or around January 2018, in the District of Maryland and elsewhere, the defendants,

**ANTOINE JAMEL HENDERSON, and
KAMALAH NICOLE CORDELL**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with others known and unknown to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

1



JCM/MCH: USAO 2017R00812

## Quantity of Controlled Substances Involved in the Conspiracy

1.  With respect to **ANTOINE JAMEL HENDERSON**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl pursuant to 21 U.S.C. § 841(b)(1)(B)(vi).

21 U.S.C. § 846
18 U.S.C. § 2

JCM/MCH: USAO 2017R00812

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Upon the conviction of an offense in violation of 21 U.S.C. § 846 the defendant shall forfeit the following property to the United States pursuant to 21 U.S.C. § 853(a):

    a. Any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the offense; and

    b. Any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). If the United States is not able to forfeit the specific property listed above directly, it intends to forfeit it as substitute property.

21 U.S.C. § 853;
28 U.S.C. § 2461(c)

*Robert K. Hur*
ROBERT K. HUR
UNITED STATES ATTORNEY

9/14/2018
Date