IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-18-189 |
| ANTOINE JAMEL HENDERSON, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Defendant Antoine Jamel Henderson ("Henderson" or "Defendant") is currently serving a sentence of 168 months' incarceration for conspiracy to distribute and possess with intent to distribute forty or more grams of fentanyl, in violation of 21 U.S.C. § 846. (ECF No. 76.) Since his sentencing in March 2019, Henderson has filed various *pro se* requests for post-conviction relief. On May 4, 2020, Henderson filed a Motion for Compassionate Release (ECF No. 106), which this Court denied in a Memorandum Order on July 8, 2020. (ECF No. 108 *SEALED*.) Henderson's Motion for Reconsideration (ECF No. 112) challenging this Court's denial of his request for compassionate release was also denied. (ECF No. 118.) He has since filed a Motion to Reduce Sentence (ECF No. 109) and another Motion for Compassionate Release (ECF No. 126),[1] which remain pending on this Court's docket.

---

[1] In support of his Motion for Compassionate Release (ECF No. 126) and his Motion to Reduce Sentence (ECF No. 109), Henderson also filed several other motions and supplements in support of these requests, which this Court considers in tandem to the pending motions for a reduction in sentence and compassionate release. (*See* ECF No. 111, 113, 114, 115, 117, 119, 121, 123, 124, 125, 129, 136, 142, 144, 145.) These filings include three pending motions: a Motion for Emergency Hearing on Pending Motion (ECF No. 123), a Motion Requesting that the Court Issue an Order for the Government to Respond to ECF No. 126 (ECF No. 144), and a Motion for Prompt Resolution and to Supplement Motion for Reduction of Sentence (ECF No. 145). Because this Court has determined that no hearing or response from the Government is necessary, and because

Through these *pro se* filings, Henderson requests that his sentence be reduced. Henderson contends that a change in the law (ECF No. 126 at 32–35) and circumstances caused by COVID-19 (ECF Nos. 109 at 7; 126 at 27–31) establish extraordinary and compelling reasons justifying his early release. The Government has not responded to Defendant's submissions, and the Court deems no response necessary based on its review of the submissions. A hearing is similarly unnecessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Antoine Jamel Henderson's pending Motion for a Reduction in Sentence (ECF No. 109) and Motion for Compassionate Release (ECF No. 126) are DENIED.

## BACKGROUND

On September 21, 2018, Henderson pled guilty to one count of conspiracy to distribute and possess with intent to distribute forty or more grams of fentanyl, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 56.) Pursuant to Fed. R. Crim. P. 11(c)(1)©, the parties jointly recommended a sentencing range of no less than 10 and no more than 15 years incarceration (that is, 120 to 180 months). (*Id.*) According to the Presentence Investigation Report ("PSR"), Henderson's base offense level was 28, per USSG § 2D1.1. (ECF No. 63.) Two additional levels were added for specific offense characteristics per USSG § 2D1.1(b)(12), and his offense level increased two more levels because Henderson was an organizer, leader, manager, or supervisor in the offense, pursuant to USSG § 3B1.1(c). (*Id.*) Because Henderson also qualified as a career offender, Henderson's offense level increased to 34, pursuant to

---

the present pending motions for compassionate release and a reduction in his sentence are denied, these motions are DENIED as MOOT.

USSG § 4B1.1. (*Id.*) Henderson's criminal history category increased from V to VI due to his career offender qualification resulting from his prior convictions. (*Id.*) In the end, due to his acceptance of responsibility, Henderson's total offense level was 31, and his criminal history category was VI. (*Id.*) The guideline imprisonment range for Henderson was 188 months to 235 months. (*Id.*)

On March 21, 2019, this Court sentenced Henderson to 168 months' imprisonment with credit for time served in federal custody since April 18, 2018. (ECF No. 76.) Henderson is currently incarcerated at Fort Dix FCI in New Jersey with a projected release date of December 22, 2028. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc// (search by register number: 63953-037).

Henderson filed a Motion for Compassionate Release on May 4, 2020 (ECF No. 106), which this Court denied in a Memorandum Order on July 8, 2020. (ECF No. 108 *SEALED*.) His Motion for Reconsideration (ECF No. 112) was also denied. (ECF No. 118.) He has since filed a Motion to Reduce Sentence (ECF No. 109) and another Motion for Compassionate Release (ECF No. 126), which remain pending on this Court's docket and are ripe for review.

## ANALYSIS

As a *pro se* litigant, Henderson's pleadings have been "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Despite this Court's earlier denial of Henderson's Motion for Compassionate Release and Motion for Reconsideration, this Court will consider the pending motions because Henderson has presented new information in the form of supporting

documentation and an additional legal argument.  (ECF Nos. 109, 126.)  However, Henderson still has not established extraordinary and compelling reasons justifying his early release, and his early release would be inconsistent with the factors presented in 18 U.S.C. § 3553(a).

Under the First Step Act, district courts have "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 220 WL 2085471, at *2 (D. Md. Apr. 30, 2020).  After defendants have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," defendants may seek a sentence reduction from the court.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A) governs motions for compassionate release.  "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," a district court may reduce an imposed term of imprisonment only when there are "extraordinary and compelling reasons" to warrant a reduction; the defendant is not a danger to the community; and a sentencing reduction is consistent with the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

Henderson has met his administrative exhaustion requirements.  He filed his original request for compassionate release on October 27, 2021, and the Warden of his former institution[2] denied his request on November 16, 2021.  (ECF No. 126 at 26–27.)

---

[2] Henderson was previously incarcerated at Brooklyn MDC and FCI Loretto.  As previously noted, he is presently incarcerated at Fort Dix FCI.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc// (search by register number: 63953-037).

I.      ***United States v. Norman*** **does not warrant a sentence reduction in this case.**

Henderson contends that the Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), holding that a drug conspiracy conviction under 21 U.S.C. § 846 does not constitute a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b), and that, were he sentenced today, his final offense level would be 29 and his criminal history category would be V, resulting in a sentencing guideline range of 140–175 months. (ECF No. 126 at 34.) When Henderson was sentenced, his offense level was calculated as 31 and his criminal history category was VI, resulting in a sentencing guideline range of 188–235 months. (ECF No. 63.)

Although Henderson may be correct about his updated offense level and criminal history category post-*Norman*, the newly amended Policy Statement forecloses Henderson's argument that he is entitled to relief. Section 1B1.13(c) now says that "[e]xcept as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." Section 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Given these two provisions, *United States v. Norman* cannot serve as an extraordinary and compelling reason for relief for Henderson. Not only has Henderson not served 10 years of his sentence, but he did not receive an unusually long sentence, even if he had been

5

categorized as a career offender. Henderson's adjusted sentencing range would be 140 months to 175 months if he were not a career offender. His sentence of 168 months, therefore, cannot be considered "unusually long" nor would a "gross disparity" between his sentence served and the likely imposed sentence. U.S.S.G § 1B1.13(b)(6); *see also United States v. Ringgold*, No. ELH-17-232, 2023 U.S. Dist. LEXIS 201232 (D. Md. Nov. 8, 2023); *United States v. Ewing*, No. CR RDB-18-0142, 2023 WL 2185785 at \*3 (D. Md. Feb. 23, 2023) (granting compassionate release because of erroneous career offender designation that would result in a "substantial" change to guidelines range).

### II.  Defendant's health concerns do not present an extraordinary and compelling reason to justify relief.

When this Court denied Henderson's previous Motion for Compassionate Release on July 8, 2020, the Court explained that "Henderson [had] failed to provide any relevant medical records in response," thus, the Court was "in no position to determine whether preexisting conditions" elevated Henderson's risk of becoming seriously ill or dying from COVID-19 such that it became an extraordinary and compelling reason. (ECF No. 108 \*SEALED\*.) Since that Memorandum Order, Henderson has provided records of a 2020 health screening to review his eligibility for compassionate release that stated as of April 23, 2020, he "does not meet medical qualifications for a terminal or debilitated medical condition" (ECF No. 109 at 50); and a report demonstrating he received medical treatment. (ECF No. 109 at 58–61.) To support his claim that he was at particular risk at MDC Brooklyn—his previous place of incarceration—Henderson additionally submitted to this Court a printout of testimony from a case in New York in which inmates at MDC Brooklyn sued for Eighth Amendment violations for the facility's response to the COVID-19 pandemic. *See Chunn v. Edge*, 465 F.

Supp. 3d 168, 200 (E.D.N.Y. 2020) (dismissing request for preliminary injunction due to failure to show substantial risk of serious harm from COVID-19 in light of facility's countermeasures).

Although cases of COVID-19 continue to exist, *see COVID Data Tracker,* CTRS. FOR DISEASE CONTROL & PREVENTION (Jan. 17, 2025), https://covid.cdc.gov/covid-data-tracker/#datatracker-home, Defendant's prior recovery from COVID-19 as well as the falling COVID-19 infection figures and rising inoculation rates do not establish an extraordinary and compelling reason for relief. At Fort Dix FCI, where Henderson is currently incarcerated, the BOP reported that out of 4025 total inmates, 1674 are fully inoculated, and there is only one open case of COVID-19 as of January 3, 2025. *Inmate COVID-19 Data*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. Furthermore, Henderson has received medical attention for his heart palpitations and for his asthma, (ECF No. 109 at 58-61), and he is no longer housed at MDC Brooklyn.

### III.     The 18 U.S.C. 3553(a) factors do not favor relief.

Even if Henderson had established an extraordinary and compelling reason, the Court must also find that the sentencing factors under 18 U.S.C. § 3553(a) warrant a sentence reduction. These factors include (1) the nature and circumstances of the offense as well as the defendant's personal history and characteristics; (2) the sentence relative to the nature and seriousness of the offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing

disparities among similarly-situated defendants. 18 U.S.C. § 3553(a); *Gill v. United States*, No. RDB-13-577, 2022 WL 17488953, at *5 (D. Md. Dec. 7, 2022), *aff'd*, No. 22-7337, 2023 WL 3073543 (4th Cir. Apr. 25, 2023).

The Court recognizes and commends Defendant's efforts at rehabilitation. Though rehabilitation "is not, by itself, an extraordinary and compelling reason," pursuant to 28 U.S.C. § 994(t), it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). But Henderson has not presented any facts that would cause this Court's previous analysis of the § 3553(a) factors to change. (ECF No. 108 at 3–4.) The nature of the crime and Henderson's previous criminal charges warrant the imposed sentence, which, as stated *supra*, would still be within the sentencing range even if *United States v. Norman* applied.

Henderson's motions (ECF Nos. 109, 126) are hereby DENIED.

## CONCLUSION

For the reasons stated, it is hereby ORDERED this 3rd day of February, 2025, that:

1. Defendant Antoine Jamel Henderson's "Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19" (ECF No. 109) is DENIED;

2. Defendant Antoine Jamel Henderson's "Motion for Emergency Hearing on Pending Motion" (ECF No. 123) is DENIED as MOOT;

3. Defendant Antoine Jamel Henderson's "Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (ECF No. 126) is DENIED;

4. Defendant Antoine Jamel Henderson's "Motion Requesting that the Court Issue an Order for the Government to Respond to My Motion Docket No. 126" (ECF No. 144) is DENIED as MOOT;

5. Defendant Antoine Jamel Henderson's "Motion for Prompt Resolution and to Supplement the Motion for Reduction of Sentence" (ECF No. 145) is DENIED as MOOT; and

6. Copies of this Memorandum Order shall be sent to Defendant and Counsel of record.

                                                      /s/
                                                 Richard D. Bennett
                                                 United States Senior District Judge